

**U.S. Department of Justice**

United States Attorney
District of New Jersey
*Civil Division*

---

| | | |
|---|---|---|
| ALINA HABBA<br>UNITED STATES ATTORNEY | *401 Market Street, 4th Fl.*<br>*Camden, NJ 08101*<br><u>john.stinson@usdoj.gov</u> | *main: (856) 757-5026*<br>*direct:(856) 757-5139* |
| *John T. Stinson*<br>*Assistant United States Attorney*<br>*Deputy Chief, Civil Division* | | |

April 21, 2025

**By ECF**
Hon. Renée Marie Bumb, C.U.S.D.J.
U.S. District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

      Re:   *Hilario Martinez-Polanco v. Warden*, Civ. No. 25-cv-01761
             <u>RESPONSE TO MOTION TO EXPEDITE & PETITION</u>

Dear Chief Judge Bumb,

      This Office represents respondent, the Warden of FCI Fort Dix, in two related habeas matters brought by petitioner Hilario Martinez-Polanco: No. 24-cv-7005 ("*Polanco I*"); and this matter, No. 25-cv-1761 ("*Polanco II*"). Respondent writes in response to Petitioner's motion to expedite in *Polanco II*, in which the Court ordered a response within seven days. Respondent respectfully requests that the Court deny the motion to expedite and dismiss or deny the *Polanco II* petition.

**I.    BACKGROUND**

      Petitioner is a citizen of the Dominican Republic who received an 87-month sentence in October 2021 for conspiracy to import narcotics into the United States. *See United States v. Martinez-Polanco*, 20-CR-00212 (D.P.R.), ECF No. 122 (criminal judgment). On April 19, 2024, while serving his sentence at FCI Fort Dix, he obtained a sentence reduction to 70 months. *Id.*, ECF No. 151 (order granting reduction). On May 23, 2024, ICE served him with a final order of removal. *See Polanco I*, ECF No. 6-3 ("Notice and Order of Expedited Removal").

      Petitioner filed *Polanco I* on June 13, 2024, arguing that he had a "liberty interest" in time credits he had earned under the First Step Act prior to the service of the final order of removal. Respondent answered *Polanco I*, which is still pending

before the Court. At that time, Petitioner had not exhausted administrative remedies. *Polanco I*, ECF No. 6-4.

Petitioner then filed this matter, *Polanco II*, nine months later on March 10, 2025, supplementing his time-credit claims under the First Step Act and challenge to his final order of removal. *Polanco II*, ECF No. 1. He contends that, immediately following his sentence reduction in April 2024, he should have been eligible for transfer to prerelease custody or transfer to ICE custody using his time credits, but BOP allegedly delayed transfer until ICE served the final order a month later, in May 2024. Petitioner conceded in *Polanco II* that he again failed to exhaust administrative remedies. ECF No. 1-1 at 6-7.

The Court issued an order to answer the *Polanco II* petition by May 15, 2025. ECF No. 3. Petitioner then filed a "motion to expedite," contending only that the docketing of *Polanco II* was delayed, and he was also awaiting a response from the Warden of FCI Fort Dix to his BP-9 administrative remedy request. ECF No. 5. The Court ordered Respondent to respond to the motion to expedite in seven days, by April 21, 2025. *Polanco II*, ECF No. 6.

II. **ARGUMENT**

   A. **The Court should dismiss the motion to expedite because Petitioner's supplemental arguments were available to him during *Polanco I* and concern the same facts**

*Polanco II* is a supplement or amendment to *Polanco I*. Petitioner filed *Polanco I* on June 13, 2024, and filed a reply to Respondent's answer on September 9, 2024. *See Polanco I*, ECF No. 7. All the arguments that he makes in *Polanco II* were available to him for *Polanco I*, so the urgency created in *Polanco II* was a problem of Petitioner's own making.

Furthermore, filing a § 2241 petition under a new docket number to supplement a prior petition is inconsistent with the abuse-of-writ doctrine and warrants dismissal. *See Queen v. Miner*, 530 F.3d 253, 255 (3d Cir. 2008) ("We have further recognized that the abuse-of-the-writ doctrine applies to section 2241 petitions; thus, a petitioner may not raise new claims that could have been resolved in a previous action."). Accordingly, the Court should dismiss this matter as an improper and successive § 2241 petition.

### B. The Court should not excuse Petitioner's second failure to exhaust administrative remedies

In *Polanco I*, Respondent argued that Petitioner's admitted failure to exhaust warranted dismissal of his petition. *Polanco I*, ECF No. 6 at 6-10. Now, in *Polanco II*, Petitioner again concedes he failed to exhaust administrative remedies. *Polanco II*, ECF No. 1-1 at 6-7, ECF No. 5. He offers no explanation for why he did not seek to exhaust his new claims immediately after receiving a copy of his final order of removal in May 2024—much less any explanation for why he failed to start the remedy process until January 2025. *See Polanco II*, ECF No. 5 ¶ 4.

Failure to exhaust administrative remedies "generally bars review of federal habeas corpus petitioner absent a showing of cause and prejudice." *Moscato v. BOP*, 98 F.3d 757, 761 (3d Cir. 1996). Petitioner cannot satisfy this standard.

### C. Petitioner's new arguments fail on the merits

Petitioner insists that BOP delayed in applying his earned time credits under the First Step Act to allow the Department of Homeland Security time to serve him with a final order of removal—thus eliminating his ability to apply credits. *Polanco I*, ECF No. 1 ¶¶ 13, 15. He offers no evidence to substantiate this allegation, and in fact, the records he attaches to his petition refute them. Thus, to the extent that the Court reaches the merits, the Court should deny the petition.

According to Petitioner, if BOP had immediately recalculated his sentence after the reduction to 70 months and applied all earned time credits under the First Step Act, Petitioner would have been eligible for transfer to prerelease custody or to the custody of Immigration & Customs Enforcement. He is incorrect. Petitioner's Exhibit A is a Sentence Monitoring Computation Data record dated 8-31-2023. *Polanco II*, ECF 1-1 at 17. It shows that, even with earned time credits, he was not eligible for home confinement until July 2025 and would not be released under the First Step Act until January 2026. *Id.*

There is no indication that Petitioner was eligible for immediate transfer to prerelease custody in April 2024, and placement in prerelease custody is a discretionary decision by BOP based on a detailed and individualized assessment process. *See Brown v. Warden Fairton FCI*, 617 F. App'x 117, 118 (3d Cir. 2015). That process could not begin until BOP received notice of the sentence reduction sometime after April 19, 2024. Further, Exhibit A shows Petitioner was subject to an immigration detainer, which would have rendered him generally ineligible for

3

transfer to a residential reentry center. *See* BOP Program Statement 7310.04 at 10 (stating that deportable aliens "shall not ordinarily participate in [RRC] programs"); *Moody v. Gubbiotti*, Civ. No. 21-12004 (RMB), 2022 WL 4976308, at *7 (D.N.J. Oct. 3, 2022) (observing that P.S. 7310.04 contains provisions regarding detainers that can limit transfer to prerelease custody options). Finally, he cites no authority permitting BOP to transfer an inmate to ICE custody as part of prerelease placement because there is none.

Petitioner's Exhibit C, a First Step Act Time Credit Assessment record dated November 2, 2024, only bolsters these conclusions. *Polanco II*, ECF No. 1-1 at 20. In addition to stating that he was ineligible to apply credits at that time, it states that ICE maintained a detainer over him since June 30, 2020—again, rendering him generally ineligible for transfer to prerelease custody under established BOP policy, even without a final order of removal. P.S. 7310.04 at 10. So there is no scenario where Petitioner could have transferred to an RRC (much less into ICE custody) before the Department of Homeland Security served him with his final order of removal. The Court should deny relief.

### III. CONCLUSION

Respondent respectfully requests that the Court deny the motion to expedite and either dismiss or deny the *Polanco II* petition.

    Respectfully submitted,

    ALINA HABBA
    United States Attorney

By:   / s / *John T. Stinson*
    JOHN T. STINSON
    Assistant United States Attorney
    Deputy Chief, Civil Division
    *Attorneys for Respondent*

cc:   Hilario Martinez-Polanco
    Reg. No. 54265-069
    FCI Fort Dix
    P.O. Box 2000
    Joint Base MDL, NJ 08640