**\*NOT FOR PUBLICATION**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

HILARIO MARTINEZ-POLANCO,

                **OPINION APPLIES TO ALL ACTIONS**

        Petitioner            CIV. NO. 24-7005 (RMB)

        v.

WARDEN, FCI FORT DIX,

        Respondent

_____

HILARO MARTINEZ-POLANCO,      CIV. NO. 25-1761 (RMB)

        Petitioner

        v.

WARDEN, FCI FORT DIX,

        Respondent
_____

BUMB, Chief United States District Judge

      Before the Court are two related habeas petitions filed under 28 U.S.C. § 2241 by

Petitioner Hilario Martinez-Polanco ("Petitioner"), a federal inmate at the Federal

Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"). On June 13, 2024,

Petitioner filed his first habeas petition, docketed as *Martinez-Polanco v. Warden*, FCI Fort

Dix, Case No. 1:24-cv-07005 (RMB) ("*Polanco I*"). On March 10, 2025, Petitioner filed a

second habeas petition under § 2241, docketed as *Martinez-Polanco v. Warde*n, FCI Fort Dix,

Case No. 1:25-cv-01761 (RMB) ("*Polanco II*"). In both actions, Petitioner contends that the

Bureau of Prisons ("BOP") unlawfully delayed applying his earned time credits under the

First Step Act ("FSA") to allow the Department of Homeland Security ("DHS") to serve

him with a final order of removal. He claims this deprived him of early release or prerelease

transfer rights in violation of the FSA and without due process. In *Polanco II*, Petitioner also

challenges the validity of his expedited removal order, arguing that because he was

"paroled in" he is not subject to an expedited removal, and that the Suspension Clause

requires habeas jurisdiction over his purely statutory and constitutional claims.[1] He also

asserts BOP violated the Ex Post Facto Clause by extending his imprisonment beyond the

statutory release date.[2] For the reasons that follow, the Court will **DENY** both petitions.

## I.    BACKGROUND AND PROCEDURAL HISTORY

On October 29, 2021, Petitioner was sentenced in the United States District Court

for the District of Puerto Rico, Case No. 3:20-cr-00212-SCC-2 ("*U.S. v. Martinez-Polanco*")[3]

to 87 months' imprisonment for conspiracy to import a controlled substance, in violation of

---

[1] For the reasons stated in *Cordon-Linarez v. Garland*, No. 3:24-CV-00488, 2024 WL 4652824, at *2 (M.D. Pa. Nov. 1, 2024), the Court finds it lacks jurisdiction over Petitioner's challenges to his expedited order of removal under U.S.C. § 1252(e)(2) (limiting habeas review of expedited removal to three issues); *Tazu v. Att'y Gen. United States*, 975 F.3d 292, 294 (3d Cir. 2020) (holding that pursuant to 8 U.S.C. § 1252(b)(9) and (g), "for an alien challenging his removal, that path begins with a petition for review of his removal order, not a habeas petition.")

[2] "Courts have found no ex post facto violation in BOP's recalculation of a non-U.S. citizen's sentence to exclude FSA earned time credits after that person became the subject of a final order of removal." *Batioja Cuero v. Warden, FCI Berlin*, 748 F. Supp. 3d 58, 66 (D.N.H. 2024) (collecting cases).  When a petitioner is subject to an immigration detainer, his ability to apply FSA time credits is subject to change if he becomes subject to a final order of removal, which is not a punishment in the manner of an ex post facto law. *Id.* (cleaned up).

[3] *U.S. v. Martinez-Polanco*, 3:20-cr-00212-SCC-2 (D.P.R), available at Public Access to Court Electronic Records, www.pacer.gov.

21 U.S.C. § 963. *Polanco I*, Declaration of Danielle DiBello[4] ("DiBello Decl."), Ex. 1, Dkt. No. 6-2 at 2.) He entered the custody of the Bureau of Prisons ("BOP") on January 19, 2022. *Polanco I*, Petition, Dkt. No. 1-1 at 2.)  Although he was not subject to a final order of removal on January 19, 2022, Petitioner was subject to removal proceedings.  *Id.* On April 18, 2024, the sentencing court granted Petitioner's motion for a sentence reduction under Amendment 821, reducing his term of imprisonment from 87 to 70 months.  *U.S. v. Polanco*, Dkt. No. 151.  On May 23, 2024, the Department of Homeland Security issued a final order of expedited removal against Petitioner under 8 U.S.C. § 1225(b)(1).  (DiBello Decl., Ex. 2, Dkt. No. 6-3 at 1.)

In *Polanco I*, Petitioner alleged that the BOP unlawfully revoked earned and previously credited time under the First Step Act ("FSA") following the removal order, in violation of the statute and his due process rights. (Mem. of Law in Supp. of 28 U.S.C. § 2241 Writ of Habeas Corpus ("Petr's Mem.") Dkt. No. 1-1.) He contended that the BOP's prior calculation and projection of a release date created a vested liberty interest. *Id.*

The government filed an answer in *Polanco I* on August 29, 2024, denying the allegations and asserting that Petitioner had no protected interest in un-applied credits. (*Polanco I*, Respondent's Answer to the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, Dkt. No. 6.) Petitioner replied on September 9, 2024 (Petitioner's Reply to Respondent's Answer, Dkt. No. 7), reiterating his arguments and further contending that he should not have been subject to expedited removal due to his parole entry status. The reply brief did not raise any new claims for relief, but emphasized the factual timeline and

---

[4] Danielle DiBello is a Case Management Coordinator employed by the BOP at FCI Fort Dix.  DiBello Decl. ¶ 1, Dkt. No. 6-1.)

due process implications of the credit removal.

In *Polanco II*, Petitioner asserted that the BOP intentionally delayed recalculating his sentence and applying earned FSA time credits after the April 2024 sentence reduction, in coordination with DHS, to allow DHS time to issue the removal order and thereby disqualify Petitioner from receiving the benefit of the credits.  (Memorandum in Supp. of 28 U.S.C. Section 2241 Mot. for a Writ of Habeas Corpus and Request for an Immediate Release of a Federal Prisoner ("Petr's Mem."), Dkt. No. 1-1.)  On April 10, 2025, Petitioner filed a Motion for an Emergency Expedited Hearing of 2241 Filing and Affidavit Supporting Exhaustion of Administrative Remedy ("Emergency Mot. for Hearing," Dkt No. 5.)  The government filed a Response to Motion & Petition ("Response") in *Polanco II* on April 21, 2025, arguing that the petition was procedurally barred as a successive filing, was unexhausted, and was meritless.

Petitioner filed a Reply to Government's Opposition ("Reply Brief" Dkt. No. 8) in *Polanco II* on April 29, 2025, reiterating his constitutional claim that BOP and DHS colluded to frustrate his lawful release following the sentence reduction. He contended that he was legally eligible for prerelease transfer as of April 19, 2024, and that failure to transfer him within 72 hours violated 18 U.S.C. §§ 3624(a), (g) and the Constitution. *Id.* He invoked *Komando v. Luna*, 2023 WL 310580 (D.N.H. 2023),[5] and *United States v. Sanchez*, 2024 WL

---

[5] *Komando* is not persuasive because the facts are distinguishable.  In *Komando*, BOP refused to apply FSA time credits toward early supervised release based on an immigration detainer, noting "[t]he flight risk concern or other institutional factors that might influence *a custodial placement decision* have no relevance" to "release from BOP custody altogether." Id. at *8.  In other words, BOP has a reasonable basis to deny prerelease custody to those with immigration detainers but not to those who are simply entitled to release from BOP custody upon expiration of their sentences.

672918 (E.D.N.Y. 2024)[6], as persuasive authority supporting habeas relief. *Id.* at 2-3.

Finally, on May 21, 2025, Petitioner filed a "Request for Emergency Judicial Intervention and Emergency Motion to Compel Prompt Ruling on 2241 Petition and Request For Immediate Relief" (Dkt. No. 10.)

The Court considers the two petitions together due to the overlapping facts, legal theories, and administrative record. Both actions center on the BOP's administration of Petitioner's earned FSA time credits in light of the timing of his sentence reduction and the immigration detainer and removal order.

## I.    BACKGROUND

Petitioner was sentenced in 2021 to 87 months' imprisonment, which was reduced to 70 months on April 18, 2024, under Amendment 821. *U.S. v. Polanco*, Dkt. No. 151, *supra* n. 1. Petitioner asserts that he had accrued 365 days of FSA time credits, which should have entitled him to release or transfer before DHS issued a final order of removal on May 23, 2024.  (*Polanco II*, Petr's Mem. Dkt. No. 1-1 at 1.)  He claims BOP delayed the credit application process to facilitate DHS's issuance of that removal order, which, once entered, rendered him ineligible to apply the credits under 18 U.S.C. § 3632(d)(4)(E)(i). (*Id.* at 2.) He asserts this violated due process.  (*Id.* at 2-3.)

---

Komando v. Luna, No. 22-CV-425-SE, 2023 WL 310580, at *8 (D.N.H. Jan. 13, 2023), report and recommendation approved sub nom. Komando v. FCI Berlin, Warden, No. 22-CV-425-SE, 2023 WL 1782034 (D.N.H. Feb. 6, 2023)

[6] The Court is unable to find this case citation or open the criminal docket in the Eastern District of New York.

## II.   EXHAUSTION

The parties contest whether Petitioner was required to exhaust his administrative remedies and whether he did so.  "If a petitioner has failed to exhaust his administrative remedies prior to filing a § 2241 petition, the District Court may in its discretion either excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." *Ridley v. Smith*, 179 F. App'x 109, 111 (3d Cir. 2006) (cleaned up).  For the sake of efficiency and given the completeness of the record, the Court will address the merits.

## III.   DISCUSSION

Petitioner's central premise is that:

> BOP had two option[s] on 4/18/2024.  One, send the petitioner to an RRC/HC in accordance to BOP policy or follow the DHS/ICE detainer request to notify ICE and surrender custody to ICE within 72 hours of the prisoner's release date.

(*Polanco II*, Petr's Mem., Dkt. No. 1-1 at 3, ¶ 15.)  This premise is wrong. Even before April 18, 2024, Petitioner was subject to an ICE detainer.  (*Polanco I*, Petr's Mem., Dkt. No. 1-1 at 2, 8.)[7] The Third Circuit affirmed the district court's dismissal of a petition for writ of habeas corpus where a deportable alien, upon whom ICE had an immigration detainer, was "ineligible to use earned time credits for immediate release to residential re-entry programs or home confinement, pursuant to BOP regulations.  *Pisman v. Warden Allenwood FCI Low*,

---

[7] Petitioner acknowledges he was subject to immigration proceedings when he entered BOP custody, but he never received a copy of the ICE detainer filed at FCI Fort Dix.  Respondent did not submit a copy of the detainer.  However, Exhibit C to the petition in *Polanco II* is Petitioner's FSA Time Credit Assessment dated November 2, 2024.  (Ex. C, Dkt. No. 1-1 at 20.)  It shows ICE lodged a detainer on Petitioner on June 30, 2020, apparently based on pretrial custody, as Plaintiff was sentenced on October 29, 2021.  (*Id.*)

No. 23-2048, 2023 WL 6618238, at *1 (3d Cir. Oct. 11, 2023) (citing BOP Program Statement 7310.04(10)(b)).  The Third Circuit explained that "[p]re-release placement decisions are committed to the BOP's sole discretion." *Id.* (citing *Tapia v. United States*, 564 U.S. 319, 331 (2011)).  Under such circumstances, Petitioner lacked a vested liberty interest toward application of FSA time credits toward prelease custody on April 18, 2024.  *See Montanye v. Haymes*, 427 U.S. 236, 242 (1976) ("As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight"); 18 U.S.C. § 3632 (d)(4)(C) ("Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody *or* supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody *or* supervised release.") (emphasis added).

## IV.    CONCLUSION

Petitioner's claims are rooted in a mistaken belief that he was eligible for prerelease custody or transfer in April or May 2024. Under BOP policy and BOP's discretion to make placement determinations under 18 U.S.C. § 3624, his immigration detainer independently barred him from prerelease custody to home confinement or a residential reentry center well before DHS served the removal order.  Because Petitioner was never eligible to apply FSA credits to prerelease custody before May 23, 2024, his petitions must be **DENIED**.

An appropriate Order follows.

Date:  **May 27, 2025**

                              s/Renée Marie Bumb
                              Renée Marie Bumb
                              Chief United States District Judge